IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| TRUSTEES OF OPERATING ENGINEERS LOCAL 965 HEALTH BENEFIT PLAN, et al., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 08-3082 |
| BRIAN J. SHIRLEY, d/b/a JAYCO INC., and JAYCO CONSTRUCTION LLC, | ) ) ) ) | |
| Defendants. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This cause is before the Court on Defendant Brian J. Shirley's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 4(m) and Response to Plaintiffs' Status Report Dated October 20, 2008 (d/e 10). For the reasons stated below, Defendant's Motion is denied.

On April 1, 2008, Plaintiffs filed an ERISA action against Shirley and Jayco Construction LLC, but then took eight months to effect service. On October 8, 2008, Magistrate Judge Cudmore noted that Plaintiffs had not yet served Defendants and ordered them to file a status report. Plaintiffs'

1

Status Report (d/e 4), filed October 20, 2008, indicated that their process server had attempted to serve Shirley, who owns Jayco Construction, at his home "approximately thirty (30) times without success." Status Report at ¶ 3.  They stated that Shirley appeared to be evading service of process.  Id.  Judge Cudmore then extended Plaintiffs' service deadline to December 1, 2008.  See Text Order issued October 21, 2008.

Two weeks later, on November 8, 2008, Plaintiffs' process server finally served Shirley at Shirley's son's home.  Shirley does not dispute that he received service on this date.  On November 10, 2008, Plaintiffs filed proof of service with the Court, indicating that their process server had made "20 attempts" at service.  See Return of Service (d/e 6), at 2.

Plaintiffs have provided the Court two exhibits to explain the discrepancy between their process server's initial representation of approximately 30 attempts at service and his subsequent representation of 20 attempts.  First, Plaintiffs have submitted the Affidavit of their process server, in which he avers that before Plaintiffs filed their Status Report, he informed Plaintiffs' paralegal that he attempted to serve Shirley 20 to 30 times; he avers that he did not have his file with him at the time he spoke with Plaintiffs' paralegal, however, and so could not say for sure how many

2

attempts he had made.  See Memorandum of Law in Opposition of Motion to Dismiss (d/e 13), Exhibit A, Affidavit of Terry Lowe, at ¶ 6.  Evidently Plaintiffs' paralegal included the 30-attempt estimate in the Status Report that Plaintiffs filed with the Court.  Plaintiffs have provided the Court a copy of the notes she took during her interview with the process server, and she wrote "30 times."  Id., Exhibit B, Notes.  Later, after the process server actually served Shirley, he made a detailed review of his file and calculated 20 service attempts, which he included when completing the Proof of Service form.  Id., Exhibit A, Affidavit of Terry Lowe, at ¶ 4.  Plaintiffs assert that the discrepancy between their representations regarding his attempts resulted from a miscommunication.

They maintain, however, that Shirley was evading service.  The process server averred that he has served Shirley many times in previous cases, and Shirley consistently attempts to evade service.  Here, the process server finally served Shirley at Shirley's son's house.  According to the process server's Affidavit, after Shirley started to drive into his own driveway, he appeared to observe the process server in the driveway, and continued on to his son's home.  The process server followed Shirley to his son's house and approached him there; Shirley denied that he was in fact Brian Shirley, but

3

the process server placed the Summons and Complaint on the ground in front of him.  Shirley initially ignored the Summons and Complaint and entered his son's home.  The process server then left Shirley's son's property and observed the home from a neighbor's driveway.  He saw Shirley exit his son's home and retrieve the Summons and Complaint from the driveway.

Shirley now has moved to dismiss this case under Federal Rule of Civil Procedure 4(m) for failure to serve within 120 days.  Rule 4(m) provides:

> If a defendant is not served within 120 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

The 120-day service deadline in this case passed July 30, 2008, but in October of 2008, Judge Cudmore extended the term to December 1, 2008, and Plaintiffs accomplished service before the extended deadline passed.

Yet according to Shirley, Plaintiffs neglected to establish good cause for their failure to serve within 120 days, and therefore Judge Cudmore's extension was not appropriate.  Shirley specifically argues that in their Status Report, Plaintiffs offered no proof that Shirley was evading service.  Moreover, he asserts that the discrepancy between Plaintiffs' two estimates

of service attempts makes their evidence showing reasonable efforts unreliable.

Whether or not Shirley is correct, he fails to account for the Supreme Court's conclusion that "good cause" is unnecessary. In <u>Henderson v. United States</u>, the Supreme Court noted that with the 1993 amendments to Rule 4, courts gained the "discretion to enlarge the 120-day period 'even if there is no good cause shown.'" <u>Henderson</u>, 517 U.S. 654, 662 (1996) (quoting <u>Fed. R. Civ. P.</u> 4 advisory committee's notes); <u>see also</u> <u>United States v. Ligas</u>, 549 F.3d 497, 501 (7th Cir. 2008) ("If the plaintiff cannot show good cause, then the decision to grant an extension is left to the discretion of the district court."). The Court further stated, "The Federal rules thus convey a clear message: Complaints are not to be dismissed if served within 120 days, or within such additional time as the court may allow." <u>Henderson</u>, 517 U.S. at 663.

Dismissal here would be improper. Judge Cudmore had the discretion to extend Plaintiffs' service deadline even without proof that Shirley was evading service. Further, dismissing this case now would waste judicial resources, as Plaintiffs indicate they will re-file and attempt service again. Thus, the Court sees no reason to dismiss this action.

THEREFORE, Defendant Brian J. Shirley's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 4(m) and Response to Plaintiffs' Status Report Dated October 20, 2008 (d/e 10) is DENIED. This case should proceed to scheduling with Judge Cudmore.

IT IS THEREFORE SO ORDERED.

ENTER:   June 24, 2009

    FOR THE COURT:

s/ Jeanne E. Scott<br>
JEANNE E. SCOTT<br>
UNITED STATES DISTRICT JUDGE