# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| TRUSTEES OF OPERATING ENGINEERS LOCAL 965 HEALTH BENEFIT PLAN, et al., | )<br>)<br>) |
| Plaintiffs, | ) |
| v. | ) No. 08-3082 |
| BRIAN J. SHIRLEY, d/b/a JAYCO CONSTRUCTION, BRIAN J. SHIRLEY, d/b/a JAYCO, and JAYCO, INC., an Illinois corporation, | )<br>)<br>)<br>) |
| Defendants. | ) |

## OPINION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This matter is before the Court on Plaintiffs' Motion to Compel the Production of Documents (d/e 31) (Motion to Compel). Plaintiffs served Defendants with a First Request for Production of Documents on February 25, 2010. Motion to Compel, Ex. A. Plaintiffs assert that Defendants' responses to Request Nos. 10, 12, 13, and 14 are deficient. Defendants filed a Response to Plaintiffs' Motion to Compel Production of Documents (d/e 33) (Defendants' Response) opposing the Motion to Compel, and Plaintiffs then filed a Court-ordered Reply (d/e 34). Plaintiffs have attempted to resolve the matter without Court action as required under

Federal Rule of Civil Procedure 37(a)(1). <u>See</u> <u>Motion to Compel</u>, ¶¶ 3, 4 & Ex. C. For the reasons set forth below, the Motion to Compel is allowed, in part, and denied, in part.

## ANALYSIS

Under Federal Rule of Civil Procedure 34(b)(2)(A), a party to whom a document request is directed must respond in writing within thirty days after being served. The response to each request "must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reason." <u>Fed. R. Civ. P.</u> 34(b)(2)(B). A party may seek an order compelling disclosure when an opposing party has failed to respond that inspection will be permitted as requested under Rule 34. <u>Fed.R.Civ.P.</u> 37(a)(3)(B)(iv).

Federal Rule of Civil Procedure 26(b)(1) allows parties to obtain discovery regarding any matter, not privileged, which is relevant to the claim or defense of any party. Relevant information need not be admissible at trial if the discovery appears to be reasonably calculated to lead to the discovery of admissible evidence. <u>Fed. R. Civ. P.</u> 26(b)(1).

Provided the information requested meets the standard of relevancy described in the federal rules, the burden rests upon the party objecting to

a document request "to show why a particular discovery request is improper. The objecting party must show with specificity that the request is improper." Borom v. Town of Merrillville, 2008 WL 155018, *2 (N.D. Ind. Jan. 15, 2008) (internal quotation and citations omitted). "That burden cannot be met by 'a reflexive invocation of the same baseless, often abused litany that the requested discovery is vague, ambiguous, overly broad, unduly burdensome or that it is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.'" Carlson Restaurants Worldwide, Inc. v. Hammond Professional Cleaning, 2009 WL 692224, *5 (N.D. Ind. March 12, 2009) (quoting Burkybile v. Mitsubishi Motors Corp., 2006 WL 2325506, *6 (N.D.Ill. Aug. 2, 2006)). The Court has broad discretion when reviewing a discovery dispute and "should independently determine the proper course of discovery based upon the arguments of the parties." Gile v. United Airlines Inc., 95 F.3d 492, 496 (7th Cir. 1996). The Court addresses the disputed discovery requests with these principles in mind.

A. Request No. 10

Request No. 10 seeks production of eleven specifically identified types of business records for the period from January 1, 2005 through

December 31, 2009.  Motion to Compel, Ex. A, p. 7-8.  Defendants responded as follows:

> Objection.  This Request seeks information and documentation that is irrelevant to Plaintiffs' Complaint.  Further, this Request is overly broad in scope and time.  Defendants withdrew from any bargaining agreements and obligations effective on or about April 30, 2009.  Without waiving said objections, please see documents attached bearing Bates Numbers JAY0001-JAY1487.  Investigation continues.

Motion to Compel, Ex. B, p. 5.

Plaintiffs assert that the documents requested are the usual and customary records requested for a payroll audit.  According to Plaintiffs, Defendants initially produced only time sheets and payroll check stubs for Jayco Construction, and not Jayco, Inc., for the years 2006, 2007, and 2008.  Defendants produced tax returns for Jayco, Inc. for the years 2007, 2008, and 2009 at the time that they tendered their instant Response.

Defendants raise the following specific arguments in support of their claim that Request No. 10 is overly broad: (1) Jayco, Inc. was not a party to any of the underlying labor agreements; (2) Jayco, Inc. was not incorporated until 2006; (3) Brian Shirley sent a timely notice of withdrawal from the agreements in December 2008, effective April 30, 2009; and (4)

Shirley does not have possession of and has not located any of the additional documents requested. These arguments are unpersuasive.

At the outset, the Court notes that none of the arguments raised by Defendants justify a failure to produce responsive documents that are in the possession, custody, or control of Brian Shirley, d/b/a Jayco Construction and Jayco for the period from January 1, 2005 through April 30, 2009. Such documents must be produced.

Plaintiffs' Amended Complaint (d/e 21) alleges claims against Defendant Jayco, Inc. under successor liability and alter ego theories. Amended Complaint, Counts II & III. Plaintiffs assert that Jayco, Inc. is the disguised continuation of Brian Shirley d/b/a Jayco Construction and Jayco, formed in an attempt to avoid obligations under the relevant labor agreements. Given these theories, records from Jayco, Inc. would be relevant despite the fact that Jayco, Inc. was not a signatory to any of the underlying labor agreements. Additionally, the fact that Jayco, Inc. was not incorporated until 2006 does not justify a failure to produce documents from 2006 forward.

Defendants' contention that Shirley withdrew from the relevant labor agreements effective April 30, 2009, is in dispute. Plaintiffs argue that the

notice of withdrawal, dated December 18, 2008, was not timely under the applicable labor agreement.  See Reply, p. 4-5 & Ex. A & B.  Thus, at this point in the litigation, records from April 30, 2009 through December 31, 2009 are relevant and should be produced.

Finally, the Court notes that Rule 34 extends to documents that are within the Defendants' "possession, custody, or control."  Fed. R. Civ. P. 34(a)(1).  If requested documents are not within the Defendants' possession, custody, or control, each Defendant should respond accordingly.  Therefore, the Motion to Compel is allowed with respect to Request No. 10.  Defendants are directed to supplemental their response to Request No. 10.  Defendant Brian Shirley d/b/a Jayco Construction and Jayco and Defendant Jayco, Inc. are ordered to produce the specifically identified business records for the period from January 1, 2005 through December 31, 2009 or certify that they have searched for such documents and none exist.

    B.  Request No. 12

Request No. 12 seeks production of "[a]ll successful work proposals an [sic] or bids provided to Defendant's customers for the period from

January 1, 2005 through December 31, 2009, in chronological order."

<u>Motion to Compel</u>, Ex. A, p. 8.  Defendants responded as follows:

> Objection.  This Request is overly broad in scope and time.  Without waiving said objection, Defendant responds that it has yet to locate such work proposals or bids.  Defendants withdrew from any bargaining agreements and obligations effective on or about April 30, 2009.  Investigation continues.

<u>Motion to Compel</u>, Ex. B, p. 5.

Defendants raise the same specific arguments in support of their objection, and again, the arguments are unpersuasive.  Successful work proposals and bids are relevant to determine the amount of covered work performed by the Defendants.  Given the successor liability and alter ego theories, Request No. 12 reasonably extends to Defendant Jayco, Inc.  The fact that Jayco, Inc. was not incorporated until 2006 does not justify a failure to produce requested documents from 2006 forward.  Given the dispute regarding the timeliness of Shirley's notice of withdrawal, Request No. 12 reasonably extends through December 31, 2009.  If requested documents are not within the Defendants' possession, custody, or control, each Defendant should respond accordingly.  The Motion to Compel is allowed with respect to Request No. 12.  Defendants are directed to supplemental their response to Request No. 12.  Defendant Brian Shirley

d/b/a Jayco Construction and Jayco and Defendant Jayco, Inc. are ordered to produce all successful work proposals and/or bids provided to customers for the period from January 1, 2005 through December 31, 2009, in chronological order or certify that they have searched for such documents and none exist.

C. Request No. 13

Request No. 13 seeks production of "[a]ll invoices or billing statements sent to Defendant's customers for the period from January 1, 2005 through December 31, 2009, in chronological order." Motion to Compel, Ex. A, p. 8. Defendants responded as follows:

> Objection. This Request is overly broad in scope and time. Further, the Request seeks irrelevant information and is unlikely to lead to information relevant to the allegations of Plaintiffs' Complaint. Defendants withdrew from any bargaining agreements and obligations effective on or about April 30, 2009. Investigation continues.

Motion to Compel, Ex. B, p. 5-6.

Defendants raise the same specific arguments in support of their objection, and again, the arguments are unpersuasive. Invoices and billing statements are relevant to determine the amount of covered work performed by the Defendants. Given the successor liability and alter ego theories, Request No. 13 reasonably extends to Defendant Jayco, Inc. The

fact that Jayco, Inc. was not incorporated until 2006 does not justify a failure to produce requested documents from 2006 forward. Given the dispute regarding the timeliness of Shirley's notice of withdrawal, Request No. 13 reasonably extends through December 31, 2009. If requested documents are not within the Defendants' possession, custody, or control, each Defendant should respond accordingly. The Motion to Compel is allowed with respect to Request No. 13. Defendants are directed to supplemental their response to Request No. 13. Defendant Brian Shirley d/b/a Jayco Construction and Jayco and Defendant Jayco, Inc. are ordered to produce all invoices or billing statements sent to customers for the period from January 1, 2005 through December 31, 2009, in chronological order or certify that they have searched for such documents and none exist.

    D. Request No. 14

Request No. 14 seeks production of "[a]ll documents related in any way to the Defendant's termination of any labor agreement, participation agreement or collective bargaining agreements with of the Operating Engineers Local No. 965 or Plaintiff." Motion to Compel, Ex. A, p. 9. In response, Defendants produced documents bearing Bates Numbers

JAY1488 through JAY1491.  Motion to Compel, Ex. B, p. 6.  Defendants did not state an objection to Request No. 14.  Id.  Thus, the burden is on Plaintiffs to explain how Defendants' response to Request No. 14 is inadequate.  See Design Basics, Inc. v. Granite Ridge Builders, Inc., 2007 WL 1830809, *2 (N.D. Ind. June 21, 2007) (citing James Wm. Moore, 7 Moore's Federal Practice § 37.05[5] (3rd ed.) ("A motion to compel discovery or disclosure should both identify specifically the portions of the responses that are inadequate, and explain, at least briefly, what is missing or what kind of information would be necessary to make the responses adequate.")).  Plaintiffs fail to meet this burden.  Plaintiffs contend that no contracts between Defendants and their customers were produced.  However, Request No. 14 by its express terms does not relate to customer contracts.  The Motion to Compel is denied with respect to Request No. 14.[1]

## CONCLUSION

THEREFORE, Plaintiffs' Motion to Compel the Production of Documents (d/e 31) is ALLOWED, in part, and DENIED, in part, as set

---

[1] The Court notes that Request No. 15 references customer contracts; however, neither the Motion to Compel nor the underlying meet and confer documents reference Request No. 15.  Therefore, the sufficiency of Defendants' response to Request No. 15 is not properly before the Court.

forth above. Under Fed. R. Civ. P. 37(a)(5)(C), when a Rule 37 Motion is allowed, in part, and denied, in part, the Court "may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Given the circumstances of the instant case and the disposition of the pending Motion, the Court finds that an award of expenses is not appropriate. Defendants are directed to provide the supplemental discovery required under this order on or before November 1, 2010. The Court *sua sponte* extends fact discovery to December 15, 2010 and sets a dispositive motions deadline of January 15, 2011. Final pretrial conference and trial not set at this time.

IT IS THEREFORE SO ORDERED.

ENTER: September 29, 2010

        FOR THE COURT:

*s/ Byron G. Cudmore*
_____
BYRON G. CUDMORE
UNITED STATE MAGISTRATE JUDGE